# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK C. CERASO,

          Plaintiff,

v.

PENNSYLVANIA DEPARTMENT OF
EDUCATION, ET. AL.,

          Defendants.

CIVIL ACTION

Civil Action No. 07-847

Judge Nora Barry Fischer

## MEMORANDUM ORDER

I.  INTRODUCTION

      Currently pending before this Court is the State Defendants' Motion to Dismiss Complaint. Docket No. 5.  As a preliminary matter the Court notes that in considering a motion to dismiss it must accept as true all allegations in Plaintiff's Complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to Plaintiff. *See Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989).  Furthermore, the Court finds that it must employ less stringent standards in considering Plaintiff's *pro se* pleadings than when considering the work product of an attorney.  *Haines v. Kerner*, 404 U.S. 519 (1972).

      In light of the foregoing standard for a motion to dismiss, and the more lenient standard to be applied to *pro se* pleadings, and upon consideration of Defendant's motion to dismiss, and for the reasons that follow, Defendants' motion [DE 5] is GRANTED.

II.  FACTS[1]

The Plaintiff, Frank Ceraso (hereafter "Plaintiff"), claims that since 1970 he was employed as a certified teacher at several school districts in western Pennsylvania.  *See* Docket No.1, at ¶9.  In 1993, Plaintiff was charged with a criminal offense, which occurred away from the educational setting and did not involve any fellow teachers or students.  Plaintiff admits he plead guilty to a summary offense.[2]  *Id.* at  ¶10.  On or about November 13, 1996, Defendant, the Pennsylvania Professional Standards and Practices Commission (the "Commission") revoked Plaintiff's professional teaching certification[3].  *Id*. at  ¶14.  Plaintiff claims that he has attempted numerous times to have his certification reinstated and that he has submitted to an appeals

---

[1] The facts are taken from the Plaintiff's complaint, however, the Court has also considered the undisputedly authentic documents which the Defendants attached to their motion to dismiss, which this Court may do.  *See Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).  In the instant case the Plaintiff's claims rely upon his underlying professional teaching certification revocation, *see* Docket No. 5-3, Ex. 1, at 3 - 4,  and the final order denying Plaintiff's  application for reinstatement of his teaching credentials, *see* Docket No. 5-3, Ex. 3, at 13 - 17.

[2] The Court notes that the Plaintiff appeared nude at a hotel swimming pool, and when he was admonished by a lifeguard he returned in a thong.  *See* Docket No. 5-3, Ex. 3, at 15, n.2.  Plaintiff then attempted to coerce the female lifeguard, both physically and verbally, into the men's locker room.  Plaintiff was arrested after returning to the swimming pool a week after the first incident.  *Id.*  Plaintiff was subsequently convicted of disorderly conduct. *Id.*

[3] The Court notes that by an order issued by the Commission, dated November 12, 1996, Plaintiff was found to have knowingly and intentionally waived his right to an evidentiary hearing, and that based upon the record the Plaintiff was found to have engaged in conduct which constituted "immorality, cruelty and intemperance."  *See* Docket No. 5-3, Ex. 1, at 3.  As a result, Plaintiff's teaching certification was revoked.  *Id.*

process which is governed by the same agencies which revoked his certification.[4] *Id.* at ¶15. Plaintiff further alleges in his compliant that Defendants have "engaged in a conspiracy of denial" by revoking his teaching certification. Id. at ¶16.

III. ANALYSIS

At the outset, the Court finds that the behavior of Plaintiff, in appearing nude, and then in a thong, at a hotel swimming pool, and attempting to coerce a female lifeguard into the men's locker room, *See* Docket No. 5-3, Ex. 3, at 15, n.2, is outrageous and unacceptable behavior, and that the arbitration panel acted reasonably in revoking his professional teacher's certification based upon Plaintiff's "reprehensible and inexcusable" actions. Docket No. 5-3, Ex. 3, at 15.

A. <u>Plaintiff's Claims Under 42 U.S.C. § 1983 - Barred by the Statute of Limitations</u>

Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983. The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law. *See Wilson v. Garcia*, 471 U.S. 261, 272-76 (1985). Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. *See* 42 Pa. Cons. Stat. § 5524.

The date when a civil rights action accrues, or begins to run, is a matter of federal

---

[4] The Court is aware that on July 30, 2001, a Memorandum and Order were issued by the Commission subsequent to Plaintiff having a hearing on his application for the reinstatement of his teaching certificates. *See* Docket No. 5-3, Ex. 3, at 13 - 17. The result was that Plaintiff's application was denied after the hearing officer found as follows: (1) Plaintiff's conduct which led to the revocation of his credentials was "reprehensible and inexcusable"; (2) after the revocation of his teaching credentials, Plaintiff misrepresented the status of said credentials to a prospective employer; (3) Plaintiff did not accept responsibility for his actions or attempt to engage in rehabilitative efforts; and (4) Plaintiff failed to provide letters of support for his reinstatement. *Id*. at 15 - 17.

law. *Albright v. Oliver*, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant. *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Plaintiff's Complaint is signed and dated June 20, 2007. Due to the two-year limitations period, Plaintiff cannot impose liability against Defendants under 42 U.S.C. § 1983 for events that occurred prior to June 20, 2005. Plaintiff's initial revocation of his teaching license occurred on November 13, 1996, and the final decision on his appeal, upholding the revocation of his license, occurred on July 30, 2001. Consequently, Defendants are entitled to judgment as a matter of law under 42 U.S.C. § 1983 with respect to the events in Plaintiff's Complaint, as they are far beyond the two-year statute of limitations period.

B.  Failure to State a Claim Against State Entities

Plaintiff has named two state entities, the Pennsylvania Department of Education (hereafter, the "Department") and the Commission, as defendants in his Complaint. *See* Docket No.1 at ¶¶ 2 and 3. For 42 U.S.C. § 1983 purposes, neither of these state entities is a "person." *See Wolfe v. Pennsylvania Department of Corrections*, 334 F.Supp.2d 762, 776 n.11 (E.D. Pa. 2004)(citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-71 (1989)); *Bey v. Pennsylvania Department of Corrections*, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000). The eleventh

amendment, absent a state's consent, bars civil rights cases in federal court that name the state as a defendant. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)(*citing Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*). Under 42 Pa. Cons. Stat. Ann. § 8521(b), Pennsylvania specifically withholds consent:

> Federal Courts. Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

Furthermore, the *Laskaris* court noted that, "The eleventh amendment's bar extends to suits against departments or agencies having no existence apart from the state." *Laskaris*, 661 F.2d at 25. Such is the case for the two state entities, the Department and the Commission. Accordingly, the Defendants' motion to dismiss is granted with respect to the two named state entities.

C.  Liability under 42 U.S.C. § 1985 - Failure to State a Claim for Conspiracy

Plaintiff further cites 42 U.S.C. § 1985 as a basis for his action. Section 1985(3) establishes a cause of action against any person who enters into a private conspiracy for the purpose of depriving an individual of the equal protection of the laws. *Rogin v. Bensalem Township.*, 616 F.2d 680, 696 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029 (1981). The provisions of the statute encompass private conspiracies as well as actions under color of state law. *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). In order to state a claim under § 1985, the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the

5

conspiracy; and (4) injury to a person or property or deprivation of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) (citing *Griffin* 403 U.S. at 102)).

This Court notes that Plaintiff has attempted to assert liability against Defendants based on his allegation that they were engaged in some sort of conspiracy. In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). A plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants. *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). *See also Loftus v. Southeastern Pa. Transp. Auth.*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

In the instant action, Plaintiff has failed to allege any facts showing an agreement or plan formulated and executed by any Defendants to achieve a conspiracy. Absent allegations showing any agreement to deny Plaintiff's rights, Plaintiff's bald allegations of conspiracy are

insufficient to state a claim upon which relief can be granted.  *See, e.g.*, *Swanson v. Miller*, 55 Fed. Appx. 871 (10th Cir. Jan. 22, 2003) (upholding dismissal of plaintiff's conclusory allegations of conspiracy as insufficient to state a claim for relief); *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003). This is particularly true given the recent Supreme Court ruling in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007).  Consequently, Plaintiff's claims under 42 U.S.C. § 1985 for conspiracy are also dismissed.

**IV. CONCLUSION**

On this 9th day of November 2007, based upon the foregoing, and upon consideration of Defendant's motion to dismiss, it is HEREBY ORDERED, ADJUDGED and DECREED that Defendants' motion to dismiss [DE 5] is GRANTED, and Plaintiff's Complaint [DE 1] is DISMISSED WITH PREJUDICE.

/S/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: All parties and counsel of record